# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. SACV 07-01354-JVS (RNBx) | Date September 24, 2009 |
| Title eVGA Corp. v. Hon Hai Precision Industry Co., Ltd., et al. | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Presetn |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS)
Addendum to Findings of Fact and Conclusions of Law

     Pursuant to Rule 52(a)(1) of the Federal Rules on Civil Procedure, the Court orally delivered its Findings of Fact and Conclusions of Law at the close of evidence. The Court now adds the following.

     With respect to eVGA Corporation's ("eVGA") claim for breach of warranty, the Court found that eVGA had established by a preponderance of the evidence that 1058 cards were defective and subject to warranty. The Court denied any relief on this claim finding that eVGA's violation of its duty to pay relieved Hon Hai Precision Industry Co., Ltd. ("Hon Hai") of any further obligation to perform, including warranty obligations. (Trial Ex. 11, ¶ 4.) The Court alluded to uncontroverted testimony that cards repaired and not returned had a value of $90,000 and that cards in process had a value of $20,000. Relying on this evidence and an extrapolation based on the value of all cards, the Court stated that if it were incorrect in its reading of the Agreement, it would award $145,000.

     The Court qualifies this statement with rest of the findings that the Court made. The Court found that there was a failure of proof with respect to damages in terms of the measure of damages under Section 2714 of the California Commercial Code and the holding in <u>Continental Airlines, Inc. v. McDonnell Douglas Corp.</u>, 216 Cal. App. 3d 388, 432-33 (1989). This is true of the 1058 boards for which the Court found that eVGA had established a covered defect. The Court's statement that it would make an award of $145,000 assumes that the evidence met the required standard for proof of damages. For the reasons stated on the record, it did not.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |